IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IDAHO WILDLIFE FEDERATION, et al., | ) ) ) | Civ. No. 04-0372-E-BLW |
| Plaintiffs, | ) ) ) | MEMORANDUM DECISION |
| v. | ) ) ) ) | AND ORDER |
| JERALD TOWER, District Ranger; UNITED STATES FOREST SERVICE, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## INTRODUCTION

The Court has before it a motion to reconsider. The motion is fully briefed and at issue. For the reasons discussed below, the Court will deny the motion.

## ANALYSIS

In this lawsuit, plaintiff Idaho Wildlife Federation (IWF) claims that the Forest Service is failing to maintain the viability of the sage-grouse on the Curlew

Memorandum Decision & Order -- page 1

National Grassland in violation of the National Forest Management Act (NFMA). IWF also claims that the 2002 Long Range Management Plan (LRMP) for the Curlew fails to address the decline of sage-grouse populations and hence violates NFMA and the National Environmental Protection Act (NEPA). To remedy these violations, IWF seeks an order directing the Forest Service to prepare a new LRMP that addresses sage-grouse viability.

The Forest Service filed a motion to dismiss on the ground that IWF's NFMA claims were barred by *Ohio Forestry v Sierra Club*, 523 U.S. 726 (1998). The Court agreed, holding that because IWF had not challenged any site-specific activity, *Ohio Forestry* barred any claims that the LRMP violated NFMA. However, the Court raised the issue whether IWF could proceed with a claim that the Forest Service was failing in its statutory duty to maintain species viability. This claim would fall under § 706(1) of the Administrative Procedures Act, which allows challenges to agencies that fail to act. The Court invited the Forest Service to address the legal sufficiency of such a claim in a motion to reconsider.

The Forest Service has done so, by arguing that IWF's failure-to-act claim is barred by *Norton v. Southern Utah Wilderness Alliance (SUWA)*, 542 S.Ct. 55 (2004). That case restricted failure-to-act claims under § 706(1) to cases where "an agency failed to take a discrete agency action that it is required to take." *Id* at 61.

Memorandum Decision & Order -- page 2

The Supreme Court held that § 706(1) "empowers a court only to compel an agency to perform a ministerial or non-discretionary act or to take action upon a matter, without directing how it shall act." *Id*. (internal quotations omitted).

IWF responds by arguing that it is not seeking a "general order directing the [Forest Service] to go forth and protect sage-grouse" but rather seeks more narrow relief limited to compelling the agency to comply with three mandatory requirements contained in its own regulations. *See IWF Brief* at p. 9.  IWF asserts that the Forest Service has (1) failed to identify a minimum viable population of sage-grouse on the Curlew in violation of 36 C.F.R. § 219.19; (2) failed to quantify the amount and quality of habitat needed to maintain viable populations of sage-grouse as required by § 219.19(a)(2); and (3) failed to address the effects of pest and fire management on sage-grouse populations as required by § 219.19(a)(5).

As so limited, IWF's remaining claims pass muster under *Norton*.  IWF alleges that these three regulatory duties are mandatory and non-discretionary, and that the Forest Service has failed to carry them out.  Whether that is in fact the case remains to be seen.  However, IWF has at least stated a claim upon which relief can be granted under *Norton*.  For that reason, and given the limitation of IWF's claims as set forth above, the motion for reconsideration shall be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for reconsideration (docket no. 33) is DENIED.

DATED: **September 30, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court