IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO WILDLIFE FEDERATION;<br>WESTERN WATERSHEDS PROJECT;<br>NATIONAL WILDLIFE FEDERATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>JERALD TOWER, DISTRICT RANGER;<br>UNITED STATES FOREST SERVICE,<br><br>    Defendants.<br><br>  and<br><br>CURLEW VALLEY HORSE & CATTLE<br>ASSOCIATION and BUIST FIELDS<br>CATTLE & HORSE GRAZING<br>ASSOCIATION,<br><br>    Intervenors/Defendants. | Case No. CV-04-372-E-BLW<br><br>**MEMORANDUM<br>DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to reconsider filed by the Forest Service. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

**Memorandum Decision and Order – Page 1**

## ANALYSIS

Plaintiff IWF claims in this lawsuit that the Forest Service is violating NFMA and NEPA by failing to take any action to reverse the decline of the sage grouse on the Curlew National Grassland. The Forest Service filed a motion to dismiss the NFMA claim, and the Court granted the motion in part and denied it in part.

The Court dismissed IWF's claims challenging the Forest Service's Long Range Management Plan (LRMP) under NFMA. The Supreme Court has held that only site-specific activities can be challenged, and IWF was not making any such challenge. *See Ohio Forestry v. Sierra Club*, 523 U.S. 726 (1998).

However, the Court did not entirely dismiss IWF's NFMA claim. The complaint also alleged that the Forest Service violated duties independent of the LRMP by failing to maintain the viability of the sage grouse on the Curlew. This claim could be interpreted to be a "failure to act" claim under the Administrative Procedures Act, 5 U.S.C. § 706(1), that did not challenge the LRMP and hence was not subject to dismissal under *Ohio Forestry*.

To allege a "failure to act" claim, IWF had to allege that the agency was failing to carry out a mandatory, nondiscretionary duty. *See Center for Biological Diversity v. Veneman*, 394 F.3d 1108, 1109 (9th Cir. 2005). The Supreme Court

**Memorandum Decision and Order – Page 2**

has held that a failure to act claim "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* action that it is *required to take*." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004)(emphasis in original).

Because counsel had not discussed this issue, the Court invited the Forest Service to file a motion to reconsider addressing the issue. The Forest Service did so, and in response, IWF identified three regulations – known as the 1982 regulations – that compelled the Forest Service to take action and yet were being ignored. Persuaded, the Court denied the Forest Service's motion to reconsider.

The Forest Service has now filed a second motion to reconsider arguing that the three 1982 regulations were rescinded by regulations taking effect in 2005. While that is true generally, the Curlew continues to be governed by the 1982 regulations. That is because the LRMP was prepared under the 1982 regulations, *see Forest Service Brief* at p. 4, and thus those regulations continue to govern all management of the Curlew until a new LRMP is passed under the 2005 regulations. *See generally Utah Environmental Congress v. Bosworth*, 439 F.3d 1184, 1191 (10th Cir. 2006) (stating that 1982 regulations extend beyond preparation of LRMP and "continue[] throughout the [LRMP's] existence").

The LRMP, finalized in 2002, selected the sage grouse as a Management Indicator Species (MIS), and thereby obliged the Forest Service to comply with the

**Memorandum Decision and Order – Page 3**

1982 regulations concerning MIS. The Forest Service cannot later dilute its MIS obligations by passing new regulations without also amending the LRMP that relied on the greater obligations. That would violate a cardinal principle of NFMA that the management of an area be consistent with its LRMP. *See Ecology Center, Inc. v. Austin*, 430 F.3d 1057 (9th Cir. 2005). The LRMP was not created pursuant to the 2005 regulations, and may have looked much different if it was. To comply with NFMA's consistency requirement, the 1982 regulations that governed the creation of the LRMP must also govern the management of the Curlew until the LRMP is revised or replaced. Thus, IWF properly cited to three 1982 regulations as creating obligations on the part of the Forest Service.

The Court recognizes the deference it must give to the Forest Service's interpretations of its governing regulations. However, that deference must give way when the Forest Service's interpretation of its regulations runs counter to the governing statute. *See Auer v. Robbins*, 519 U.S. 452, 457 (1997). That is the case here, and thus the Forest Service's interpretation is not entitled to deference. For these reasons, the Court will deny the motion to reconsider.

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to

**Memorandum Decision and Order – Page 4**

reconsider (Docket No. 49) is DENIED.



DATED: **April 13, 2006**

_B. Lynn Winmill_
B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 5**